UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | **UNDER SEAL** |
| JEFFREY SABOL, | : | |
| PETER FRANCIS STAGER, and | : | |
| MICHAEL JOHN LOPATIC SR. | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO SEAL INDICTMENT
AND TO DELAY ENTRY ON THE PUBLIC DOCKET
OF THE FILING OF THIS MOTION TO SEAL AND RELATED MATTERS**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Indictment, the Arrest Warrant for Defendant Michael John Lopatic Sr. ("Lopatic"), this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1.  On January 29, 2021, a grand jury for the District of Columbia returned an indictment, charging Defendants Jeffrey Sabol, Peter Stager, and Michael John Lopatic Sr. ("Lopatic") with violations of: (1) Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2), 2; (2) Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon in violation of 18 U.S.C. §§ 111(a)(1) and (b); (3) Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1); (4) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (5) Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); (6) Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); (7) Engaging in Physical Violence in a

Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); (8) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (9) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (10) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and (11) Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(F).

2. Defendant Lopatic has not been arrested. Law enforcement is locating the defendant and preparing to arrest him. Moreover, law enforcement is endeavoring to identify additional individuals who were involved in the assaultive conduct in the instant case.

3. Placing the defendants' indictment on the public docket at this time could cause the defendant to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. These are compelling reasons for the sealing of these documents.

4. As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants. A limited sealing order ensuring that filings

related to the Indictment and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Indictment and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him/her. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Indictment, the Arrest Warrant for Lopatic, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
N.Y. Bar Number 4444188

By: _____
KIMBERLY L. PASCHALL
Assistant United States Attorney
D.C. Bar No. 1015665
Federal Major Crimes
555 4th Street, N.W., Room #4116

Washington, DC 20530
Phone: 202-252-2650
Email: kimberly.paschall@usdoj.gov