**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 21-CR-35 (EGS) |
| : | |
| MICHAEL JOHN LOPATIC, SR. : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SUPPLEMENTAL MOTION FOR PRETRIAL DETENTION**

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum in support of its motion that the defendant, Michael John Lopatic Sr. be detained pending trial. On April 6, 2021, the Court inquired as to the basis of the government's argument for detention in this matter and *U.S. v. Kyle Fitzsimons*, 21-CR-158 (KBJ).

In this matter, the government has moved for the defendant to be detained pursuant to 18 U.S.C. § 3142(f)(2) – under provisions (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. The government is taking the position that 18 U.S.C. § 111(a)(1) does not constitute a crime of violence. In *United States v. Clayton Ray Mullins* (1:21-mj-233), the government similarly moved for detention pursuant to 18 U.S.C. §§ 3142(e) and (f)(2) – specifically, under provisions (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The government concedes that 18 U.S.C. § 111(a) is not a crime a violence. That is because 18 U.S.C. § 111(a) it does not require the use of violent force, that is "force capable of causing physical pain or injury." *United States v. Fernandez,* 37 F.2d 1031, 1033 (11th Cir. 1988). Decisions sustaining § 111 felony convictions confirm that fact; many involve the use of force below that threshold. *See, e.g., United States v. Fernandez,* 837 F.2d 1031, 1033 (11th Cir.1988) (chasing prosecutor down the street and bumping into him); *United States v. Sommerstedt,* 752 F.2d at 1495 (9th Cir. 1985) (walking up to prosecutor and jolting her arm and shoulder); *United States v. Hightower,* 512 F.2d 60, 61 (5th Cir.1975) (grabbing wildlife agent's jacket); *United States v. Frizzi,* 491 F.2d 1231, 1231–32 (1st Cir.1974) (spitting in mail carrier's face). As this Court noted in its Order requesting briefing, this is consistent with the position the government took here.

In comparison, in United States v. Kyle Fitzsimons, 21-CR-158 (KBJ), the government moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(A) [Crime of Violence]. This pleading clarifies the government's position is that Fitzsimons is subject to detention pursuant to 18 U.S.C. § 3142(f)(1)(A) (Crime of Violence) as a result of being indicted under 18 U.S.C. § 111(a)(1) *and (b)* for Assaulting, Resisting, or Impeding Certain Officers causing bodily injury. Because defendant Lopatic is not charged with 111(a)(1) *and (b)*, the government is not seeking a hold pursuant to 18 U.S.C. § 3142(f)(1)(A) [Crime of Violence].

In this case, although the government is not seeking a hold pursuant to 18 U.S.C. § 3142(f)(1)(A) [Crime of Violence], it still must argue the appropriate factors under § 3142(g). Whatever the basis for detention, the BRA's plain language does not limit the Court's consideration of the appropriate factors under § 3142(g). Indeed, exactly the opposite: § 3142(g) directs that judges "shall" consider the "available information concerning" the enumerated factors.

Similar language in the sentencing and supervised-release statutes, 18 U.S.C. § 3553(a) and § 3583, for example, affords a court "wide discretion" to craft the most appropriate sentence or set of conditions. *See United States v. Hunt*, 843 F.3d 1022, 1030 (D.C. Cir. 2016).

Section 3142(g)'s mandatory language, moreover, articulates no link between the rationale for a detention hearing under either §§ 3142(e) or 3142(f) and the factors a court considers under §3142(g). Instead, once "a hearing is appropriate, the judicial officer *must* consider several enumerated factors to determine" whether detention or release is appropriate. *United States v. Singleton,* 182 F.3d 7, 9 (D.C. Cir. 1999); *see United States v. Holmes,* 438 F.Supp.2d 1340, 1341 (S.D. Fla. 2005) (reasoning that, under *Singleton*, a court "should evaluate all the factors in subsection (g) when making its detention determination . . . regardless of whether detention is sought under [§ 3142] (f)(1) or (f)(2)"); *accord United States v. Plata Hernandez,* 766 Fed. Appx. 651, 656 (10th Cir. 2019) ("The plain language of §3142(f) pertains to what triggers the requirement that a detention hearing be held, not the factors that guide the detention decision. Those factors are listed in § 3142(g), which contains no language limiting the consideration of those factors to hearings held only under subsection (f)(1), not subsection (f)(2).").[1] Consistent with *Singleton*, therefore, this Court should consider the full panoply of factors when deciding

---

[1] Some out-of-circuit cases appear to follow a different approach. See, e.g., United States v. Ploof, 851 F.2d 7 (1st Cir. 1988) (holding that dangerousness is not appropriately considered in cases where the basis for detention is 18 U.S.C. § 1342(f)(2)); United States v. Himler, 797 F.2d 156 (3d Cir. 1986) (reasoning that the district court could only consider dangerousness in setting conditions of release where the defendant's case involved an offense specified in 18 U.S.C. § 3142(f)(1)). But those cases may simply stand for the unobjectionable rule that "a finding of dangerousness" is not a basis for a detention hearing without satisfying a triggering factor in § 3142(f)(1) and (2) because such an approach would render those provisions "meaningless." See United States v. Twine, 344 F.3d 987, 987 (9th Cir. 2003) (citing Himler and Ploof as supporting that proposition); see also Singleton, 182 F.3d at 9 (describing Ploof as addressing when a detention hearing is available). Here, the government does not rely on dangerousness as the basis for a detention hearing. More to the point, however, this Court is bound by Singleton's approach that permits plenary consideration of the §3142(g) factors once the government has satisfied the threshold inquiry under §3142(f) that a detention hearing is appropriate.

whether to uphold Lopatic's detention—and, should, for the reasons given in the government's prior opposition, determine that continued detention is appropriate

In this case, defendant Lopatic has demonstrated a tendency toward violence and a willingness to impede and obstruct the right and lawful function of government. Considering all of the factors set forth above in light of the substantial sentence the defendant faces, there is no combination of conditions that will reasonably assure his appearance in the District of Columbia and/or the safety of the community. He should therefore be detained pending trial.

WHEREFORE, the government respectfully submits that its Motion for Pretrial Detention should be granted.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By:    /s/   Colleen D. Kukowski
COLLEEN D. KUKOWSKI
Assistant United States Attorney
DC Bar No. 1012458
555 4th Street, N.W., Room 9842
Washington, D.C. 20530
(202) 252-2646
Colleen.Kukowski@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention was served on all counsel of record via the Court's electronic filing service.

                                        */s/ Colleen D. Kukowski*
                                        COLLEEN D. KUKOWSKI
                                        Assistant United States Attorney

Date: April 6, 2021