IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : Case No. 21-CR-35 (EGS) |
| v. | : |
| | : |
| MICHAEL JOHN LOPATIC, SR., | : |
| | : |
| Defendant. | : |
| | : |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT
OF APPEAL OF DETENTION ORDER**

Defendant Michael J. Lopatic, Sr. ("Mr. Lopatic"), by and through undersigned counsel, respectfully submits this Supplemental Brief in support of his Appeal of the Detention Order issued by the Magistrate Judge from the Eastern District of Pennsylvania.

On April 22, 2021, this Honorable Court convened a hearing regarding Mr. Lopatic's Appeal of his detention order and invited the Parties to submit supplemental briefing in light of the Honorable Amy Berman Jackson's recent order in the case of *USA v. Joshua M. Black*, Case No. 1:21-mj-00049-RMM (D. D.C. April 22, 2021). A transcript of the hearing is attached hereto as Exhibit "A". In that case, the Court granted the defendant's release from detention pending trial under the conditions that he will be subject to home confinement (with exceptions for work, church and medical and legal appointments), GPS location monitoring, and he would have to surrender all firearms in his residence. Ex. A, at 44:18-23.

The Court found that the Government failed to prove that there were no conditions or combination of conditions that would assure the safety of the community until trial. *Id.* at 44:6-16. Similar to this case, the Government conceded that Mr. Black was not charged with a crime of violence and none of the characteristics listed in 18 U.S.C. § 3142(g)(1) were involved. Gov.

Memo. in Opp., at 15, attached hereto as Exhibit "B". In that case, Mr. Black breached the Capitol building and walked up the Capitol Rotunda east stairs and onto the Senate floor where he rummaged through papers on a Senator's desk and took one of the papers away; sat on the Senate floor defying a USCP officer's repeated requests to leave; and joined in a prayer with other individuals near the presiding officer's chair. *Id*. at 17. In addition, Mr. Black was carrying a knife and had a loaded Taurus revolver in his truck because he did not "like being defenseless", *see* Ex. A, at 18:2-8. By contrast, Mr. Lopatic travelled to the District of Columbia unarmed and did not have any weapons on him on January 6th.

Notably, during an interview with a special agent of the FBI, on January 8, 2021, Mr. Black stated that he "[does not] want to kill anybody…. But [he did not] know what's going to happen next." Ex. B, at 20. When the agent questioned why he would think he would have to kill somebody, Mr. Black replied, "Well, I mean, if they come in here trying to take our guns, or trying to turn America into slavery again, I don't want to see that." *Ibid*. Mr. Black also indicated that he would return to Washington, D.C., "if [he] felt like the Lord wanted [him] to go". *Ibid*. In fact, Mr. Black explained that he did not want to go to the District of Columbia or breach the Capitol building on January 6th either, but decided to go because he felt that "the spirit of God wanted [him] to go". *Ibid*.

Furthermore, in her ruling, Judge Jackson noted that "[e]ven after [Mr. Black] was questioned by the FBI, after all that happened, he's not saying I think I learned a lesson here, but he's persisting in the point of view that he may be called upon to take action in the future." Ex. A, at 24:17-21. By contrast, Mr. Lopatic deeply regrets his actions on January 6th, and would never put himself in a similar situation again or travel to the District of Columbia for any other

reason than to attend his Court proceedings.  Mr. Lopatic also never indicated that he would harm, let alone kill, another human being for any reason.

Even though the Court noted that Mr. Black's "own statements give rise to considerable, articulable concerns about the future", *see* Ex. A, at 22:15-17, and that his "anger didn't dissipate", *see id.* at 23:25-24:2, Judge Jackson found that Mr. Black should be released from detention pending trial because the Court "must identify an articulable threat posed by the defendant to an individual or to the community", *id*. at 25:1-3 (*citing USA v. Munchel*, No. 21-3010, at 11 (D. D.C. March 26, 2021)), and no such threat has been articulated in his case. Specifically, the Court found:

> Am I confident that you're going to follow my conditions of release? Not entirely.  But, given the presumptions in the Bail Reform Act and the high burden imposed on the government, can I find that the government has established by clear and convincing evidence that there are no conditions or combination of conditions that will assure the safety of the community between now and the time of your trial? I don't think I can.  I don't believe that the government has established by clear and convincing evidence that confining you to your home without weapons won't be enough to mitigate the harm.

*Id.* at 44:6-16.

For the foregoing reasons and the reasons stated in his previous pleadings, Defendant Michael J. Lopatic, Sr., respectfully requests that this Honorable Court order his release.

Dated: April 23, 2021　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Dennis E. Boyle*
　　　　　　　　　　　　　　　　　　　　Dennis E. Boyle, Esquire
　　　　　　　　　　　　　　　　　　　　Blerina Jasari, Esquire
　　　　　　　　　　　　　　　　　　　　Attorneys-at-Law
　　　　　　　　　　　　　　　　　　　　1050 Connecticut Ave, Suite 500
　　　　　　　　　　　　　　　　　　　　Washington, D.C., 20036
　　　　　　　　　　　　　　　　　　　　Email: dboyle@dennisboylelegal.com
　　　　　　　　　　　　　　　　　　　　　　　　bjasari@dennisboylelegal.com
　　　　　　　　　　　　　　　　　　　　Phone: (202) 430-1900

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*